IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

STEPHEN BONACCI           :
                          :
    Plaintiff             :
                          :
-v-                       :
                          :
GARTNER, INC.             :
                          :
    Defendant             :
                          :

## COMPLAINT

The Plaintiff, Stephen Bonacci, by and through his undersigned counsel, and for his Complaint in causes of action, hereby states as follows:

## PARTIES

1. The Plaintiff, Stephen Bonacci, is a resident of the State of New York who was, at all times relevant to this matter, engaged by his employer, and the Defendant herein, located within the State of Connecticut. Mr. Bonacci worked remotely for the Defendant, reported to supervisors located in Connecticut and reported his activities and matters surrounding the performance of his duties to the Defendant located in Connecticut.

2. The Defendant, Gartner, Inc. ("Gartner") is a Delaware Corporation, authorized to conduct business in and within the State of Connecticut with its principal place of business located in Stamford, Connecticut.

COLES, BALDWIN, KAISER, & CREAGER LLC ATTORNEYS & COUNSELORS AT LAW • ONE ELIOT PLACE THIRD FLOOR • FAIRFIELD, CONNECTICUT 06824
TELEPHONE: 203-319-0800 • FACSIMILE: 203-319-1210 • EMAIL: MAIL@CBKLAW.NET

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 and 1341 and 42 U.S.C. §2000e-5, inasmuch as the matters in controversy are brought pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, et seq.

4. This Court also has diversity jurisdiction over the parties as there is complete diversity of citizenship between the parties as the Plaintiff is a citizen of the State of New York and the Defendant is a citizen of the State of Delaware which conducts business in, *inter alia*, the state of Connecticut and the amount in controversy exceeds, exclusive of costs and interest, the sum specified by 28 U.S.C. §1332.

5. This Court has supplemental jurisdiction of this case under 28 U.S. Code §1367 inasmuch as the Plaintiff asserts various State law claims which relate to the same set of facts upon which his federal claims in original subject-matter are based.

6. Venue is proper in the District of Connecticut because events at issue took place within this District and the Defendant has its corporate headquarters located within this District.

## FACTS

7. On or about January 1, 2006, Mr. Bonacci was hired by Gartner, Inc. (hereinafter the "Company") in the role of Account Executive.

8. On or about April 1, 2007, Mr. Bonacci was promoted to the role of Senior Account Executive.

**Page 2**

9. Thereafter, and on or about June 1, 2010, Mr. Bonacci was promoted to the role of Area Manager.

10. In 2013, Mr. Bonacci was promoted to the role of Area Vice President and successfully worked for the Company in this capacity thereafter.

11. During all times prior to communicating his intention and need to exercise his right(s) under the Family and Medical Leave Act of 1993, as amended 29 U.S.C. 2601, et seq., (the "FMLA") Mr. Bonacci: (a) received positive performance reviews, (b) met all performance goals and metrics required of him; and (c) regularly received positive feedback from peers and management alike.

12. On or about September 26, 2018, and after previously announcing the upcoming birth of his second child, Mr. Bonacci explained to his supervisors that his family situation had changed with respect to the childcare needs at home. Because of those family matters affecting childcare, Mr. Bonacci explained that he was requesting FMLA leave effective upon the birth of his child.

13. Upon making such request, Mr. Bonacci's management initially supported his request as well as his family's needs and, thereafter, respected his desire to take the time that Federal Law allows to assist his wife as well as to welcome and care for his newly born child.

14. Thereafter, however, Mr. Bonacci received various comments and questions, as well as direct and indirect expressed concerns,

questioning his "commitment" to the Company rather than supporting his commitment to his family.

15. The aforementioned comments escalated over time to include direct comments and statements regarding the fact that Mr. Bonacci elected to take FMLA leave, and because he did not dedicate his focus on Company needs but instead placed his focus on his family's needs, he would no longer be viewed as a committed team player. Mr. Bonacci was discouraged from taking leave.

16. Thereafter, and upon his return from the Federally allowed, encouraged and existing controlling law regarding his ability to take time off from work to help with his family and his newborn child, senior management commented to Mr. Bonacci and commented to others about him (which has caused additional emotional distress, harm and damages), that because he asserted his rights to take time off for his family under the FMLA, he was no longer designated or identified as a "team player" and that he was not going to remain on the sales team in his division.

17. In response, Mr. Bonacci raised the issue of taking Federally permitted and encouraged leave, and that he was otherwise always a successful team player and contributor to the success of his division and the Company's goals.

18. Despite his efforts to communicate with management about his historical successes and ongoing ability to meet pre-FMLA request performance metrics, Mr. Bonacci was given an ultimatum which included a choice to search and find another position within Gartner or to be

placed on a performance improvement plan (a "PIP") to meet aggressive performance metrics never before created, announced or imposed. If unsuccessful with either option, Mr. Bonacci was advised that he must resign or he would be terminated – in which that termination came to pass, effective as of April 1, 2019.

19. Thereafter, and in light of the fact that Mr. Bonacci performed in a more than satisfactory manner prior to seeking FMLA leave, and in light of the fact that the Company's conduct and behavior post-FMLA leave request in creating suddenly new performance metrics under a PIP, his termination was squarely and clearly without justification and in violation of applicable law.

20. Mr. Bonacci's placement on a PIP and subsequent termination, was and is directly and specifically related NOT to his actual job performance but was instead related to his efforts to assert and enjoy his rights afforded under the FMLA.

21. The Defendant's actions in placing the Plaintiff on a PIP and then asserting that he failed to meet the goals and objectives of such PIP were intentional, malicious, and done in purposeful disregard of the Plaintiff's federally protected rights.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

COLES, BALDWIN, KAISER & CREAGER LLC, ATTORNEYS & COUNSELORS AT LAW • ONE ELIOT PLACE THIRD FLOOR • FAIRFIELD, CONNECTICUT 06824
TELEPHONE: 203-319-0800 • FACSIMILE: 203-319-1210 • EMAIL: MAIL@CBKLAW.NET

22. The Plaintiff repeats and re-alleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this First Count, as if fully set forth herein.

23. At all times relevant hereto, the Defendant employed more than 50 employees within a 75-mile radius of the Plaintiff's place of employment.

24. At all times relevant hereto, the Plaintiff worked over 1,250 hours for the Defendant in the 12 months preceding his need for medical leave.

25. Plaintiff's determination of the need to take family-related medical leave was and is a qualifying basis for leave under the FMLA.

26. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was a qualified employee and entitled to a leave under the FMLA, and the Plaintiff gave notice for his need for leave under the FMLA, for which he was eligible, as set forth above.

27. The Defendant protested Plaintiff's taking leave.

28. The Defendant retaliated against the Plaintiff for taking his federally protected right to family medical leave as provided for under the FMLA, specifically §2612(a)(1).

29. The conduct of the Company is in violation of Federal Law as set forth in accordance with the FMLA and controlling common law relating thereto.

30. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was a qualified employee and entitled to leave under the FMLA, and the Plaintiff gave notice for his need for leave under the FMLA, for which he was eligible, as set forth above.

31. The Plaintiff was retaliated against and subject to adverse employment action for exercising and / or attempting to exercise his rights under the FMLA.

32. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered and will continue to suffer, lost wages and benefits, as well as other consequential losses and damages.

33. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and will incur, attorney's fees and costs.

### COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-33 of Count One above as if fully and separately set forth herein.

35. Upon information and belief, the Defendant intentionally determined, elected, and decided, to engage in actions, including, but not limited to challenging Plaintiff's loyalty to the Company, making statements about Plaintiff not being a "team player" and asserting that

taking such leave will result in consequences to his position with the Company.

36. Upon information and belief, the Defendant's conduct was intentional and malicious and done for the purpose of causing the Plaintiff to give up, forego and otherwise abandon his Federally protected rights to take family leave.

37. The Defendant's conduct was intentional, reckless and/or in deliberate disregard of the high degree of probability that emotional distress would result to the Plaintiff.

38. As a result of Defendant's actions and the consequences caused by them, the Plaintiff, suffered severe humiliation, mental anguish, and emotional and physical distress, and has suffered damages.

### COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-38 as if fully and separately set forth herein.

40. Upon information and belief, the Defendant owed a duty of care to Plaintiff not to engage in conduct that would be reasonably likely to cause emotional distress to the Plaintiff.

41. Upon information and belief, the Defendant knew, or should have known, that engaging in the conduct as aforesaid and perpetuating

and continuing to pursue the same, would cause severe and substantial emotional distress to the Plaintiff.

42. Upon information and belief, the Defendant breached such duty by pursuing, encouraging, allowing and facilitating such illegal, inappropriate, vindictive and retaliatory actions without any valid right or justification.

43. As a direct and proximate result of the Defendant's actions, the Plaintiff suffered damages.

44. As a result of the foregoing actions of the Company, Mr. Bonacci: (a) lost his employment; (b) lost his ability to provide for his family (including paying for the necessities of life); (c) has suffered serious and consequential damages; and (d) has suffered serious and substantial emotional upset, trauma and the fear and angst of his inability to provide for the welfare and benefit of his wife and children – including the newborn child about which his FMLA request was made in the first instance.

45. As a result of the foregoing, Mr. Bonacci seeks compensation for such damages.

**WHEREFORE**, for the above-stated reasons and for good and just cause, the Plaintiff prays that this Honorable Court award the following:

1.  An award of Compensatory damages in an amount not less than $190,000.00

2.  An award of Punitive damages in accordance with applicable law;

3.  An award of Attorney Fees, Interest, and costs.

4.  An award of any and all other items or classes of damage to which Mr. Bonacci may be entitled to receive or recover under controlling and applicable law.

5.  Any other the relief as in law and equity which may appertain.

>   Respectfully submitted,
>
>   STEPHEN BONACCI
>   Plaintiff
>
>   By: _____
>   **JOHN B. KAISER, ESQ.**
>   Coles, Baldwin, Kaiser & Creager LLC
>   One Eliot Place, Third Floor
>   Fairfield, CT 06824
>   Tel:(203)319-0800
>   Fax: (203)319-1210
>   Email: jkaiser@cbklaw.net
>   Federal Bar No. ct 23577

COLES, BALDWIN, KAISER & CREAGER LLC, ATTORNEYS & COUNSELORS AT LAW • ONE ELIOT PLACE THIRD FLOOR • FAIRFIELD, CONNECTICUT 06824
TELEPHONE: 203-319-0800 • FACSIMILE: 203-319-1210 • EMAIL: MAIL@CBKLAW.NET